**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE FARM INDEMNITY COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> DEBRA V. VAN PELT, *et al.*, <br><br> Defendants. | Civil Action No. 25-1274 (MAS) (TJB) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff State Farm Indemnity Company's ("Plaintiff") unopposed Motion for Default Judgment against Defendants Debra V. Van Pelt[1] and Kim R. Van Pelt (collectively, "Defendants"). (ECF No. 9.) After careful consideration of Plaintiff's submission, the Court decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants Plaintiff's motion.

**I.   BACKGROUND**[2]

   **A.   Factual Background**

This matter arises out of a motor vehicle accident that occurred on August 8, 2022, involving third parties Iman Hijazi ("Hijazi") and Michael R. Van Pelt ("Van Pelt") in Sayreville,

---

[1] Plaintiff's Complaint names Debra V. Van Pelt as a defendant but uses both Debra and Deborah interchangeably throughout. (*See generally* Compl., ECF. No. 1.) The Court uses Debra for consistency.

[2] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Complaint as true. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

New Jersey. (Compl. ¶ 14, ECF No. 1.) Van Pelt is the non-resident son of Defendants, who are the named Insureds on Auto Policy 072-2033-D07-30H ("the Policy") issued by Plaintiff. (*Id.* ¶¶ 5, 15.) The Policy provides motor vehicle coverage to a covered party for bodily injury liability. (*Id.* ¶ 7.) Specifically, the Policy defines an insured as follows:

> *Insured* means:
>
>   1. *you* and *resident relatives* for:
>       a. the ownership, maintenance, or use of:
>       (1) *your car*;
>       (2) a *newly acquired car*; or
>       (3) a *trailer*; and
>       b. the maintenance or use of:
>       (1) a *non-owned car*; or
>       (2) a *temporary substitute car*;
>
> …
>   2. any other person for his or her use of:
>       a. *your car*;
>       b. a *newly acquired car*;
>       c. a *temporary substitute car*; or
>       d. a *trailer* while attached to a *car* described in a., b., or c above.
>
> Such vehicle must be used within the scope of *your* consent[.]

(*Id.* ¶ 9.) (emphases in original). The Policy does not cover a driver who is not an insured driver, or resident relative of the insured, for bodily injury liability. (*Id.* ¶¶ 8-9.) The Policy, additionally, does not cover an insured driver who uses a vehicle while in connection with his employment. (*Id.* ¶¶ 10-11.) Specifically, with respect to exclusions, the Policy provides that:

> THERE IS NO COVERGAGE FOR AN **INSURED**:
>
> …
>
> 3.   TO THE EXTENT THE LIMITS OF LIABILITY OF THIS COVERAGE EXCEED THE MINIMUM LIMITS REQUIRED BY NEW JERSEY LAW FOR LIABILITY COVERAGE:
>
> …

>   c. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS*** . . .

(*Id.* ¶ 11.) (emphases in original).

The Policy covered Defendants, and three vehicles that were garaged at Defendants' residence in South Amboy, New Jersey. (*Id.* ¶ 16.)

### B.  Procedural Background

Hijazi filed a negligence action against Van Pelt, Defendants, and additional defendants in the Superior Court of New Jersey, Middlesex Vicinage (the "New Jersey State Action"). (*Id.* ¶ 22; *see also* Ex. E to Compl., *Hijazi v. Van-Pelt et al.*, Docket # MID-L-5900-22.) In the first count of his complaint in the New Jersey State Action, Hijazi alleges that Van Pelt resides with Debra Van Pelt. (*Id.* ¶ 23.)[3] Van Pelt filed an answer to Hijazi's complaint denying that he lived with Debra Van Pelt. (*Id.* ¶ 24.) At the time of the accident, Van Pelt lived at a residence in Florida and was operating a 2011 Kia bearing a Florida license plate, which was not a covered vehicle under the Policy. (*Id.* ¶¶ 17-19.) Also at the time, Van Pelt was covered under a policy issued by Esurance Property and Casualty in Florida. (*Id.* ¶ 20.) Van Pelt was, at the time of the accident, delivering pizzas for TJ's Pizzeria and Catering, where he was employed. (*Id.* ¶ 21.)

On February 14, 2025, Plaintiff filed a Complaint in this Court against Defendants seeking declaratory judgment under U.S.C. § 2201 and Federal Rule of Civil Procedure 57[4] that it has no duty to defend and/or indemnify Van Pelt, for any claims brought against him in the underlying

---

[3] Hijazi's complaint in the New Jersey State Action uses the first name Deborah. (*See generally* Ex. E to Compl.)

[4] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

New Jersey State Action or in any future action arising out of the August 8, 2022, accident. (*See generally id.*)

Plaintiff requested that the Clerk of Court enter default against Defendants, which the Clerk entered. (*See* Request for Clerk's Entry of Default, ECF No. 8; Clerk's Entry of Default.) Plaintiff subsequently filed the instant Motion for Default Judgment. (Pl.'s Mot., ECF No. 9.) Plaintiff argues that Defendants have failed to plead or otherwise defend this action, and as a result, Plaintiff is entitled to default judgment against Defendants, declaring that Plaintiff owes no coverage to Defendants in relation to the New Jersey State Action. (*Id.* at 1-2.)

## II.     LEGAL STANDARD

Rule 55 authorizes a court to enter default judgment "against a properly served defendant who fails to file a timely responsive pleading." *La. Counseling & Fam. Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing *Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). Entry of default judgment is left to the district court's discretion. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Default judgment is a disfavored remedy because it does not resolve a plaintiff's claims on the merits. *Loc. 365 Pension Fund v. Kaplan Bros. Blue Flame Corp.*, No. 20-10536, 2021 WL 1976700, at *2 (D.N.J. May 18, 2021) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)).

When determining whether to enter default judgment, three assessments guide the Court's analysis. *See Victory's Dawn, Inc. v. Clemons*, No. 21-9744, 2022 WL 3402491, at *2 (D.N.J. Aug. 12, 2022). *First*, "where a defendant fails to respond to a complaint, the Court must ensure that the plaintiff properly served the defendant." *Id.* (citing *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985)). *Second*, the Court must ensure that "the unchallenged facts" within the complaint give rise to a "legitimate cause of action." *Id.* (quoting *Chanel, Inc. v. Gordashevsky*,

4

558 F. Supp. 2d 532, 536 (D.N.J. 2008)). When conducting this assessment, the Court assumes as true all allegations in the complaint, except legal conclusions and allegations regarding damages. *See DIRECTV, Inc.*, 431 F.2d at 165 n.6 (citing *Comdyne I*, 908 F.2d at 1149). *Third*, the Court must determine whether default judgment is appropriate by weighing three factors (the "*Emcasco* factors"): "(1) whether the defaulting party has a meritorious defense; (2) the prejudice suffered by the plaintiff seeking default; and (3) the defaulting party's culpability in bringing about default." *Trs. of UFCW Loc. 152 Health & Welfare Fund v. Avon Food, Inc.*, No. 17-2178, 2018 WL 372167, at *3 (D.N.J. Jan. 11, 2018) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987)).

### III.   DISCUSSION

Plaintiff alleges that Van Pelt has affirmatively and unambiguously admitted that his primary residence at the time of the accident was in Florida. (Compl. ¶ 27.) Plaintiff further alleges that pursuant to the terms of the Policy, Van Pelt is explicitly denied coverage because he was not a resident relative of the named insured on the Policy, and that even if he was deemed to be insured under the Policy, coverage is explicitly denied to an insured involved in a motor vehicle accident while in the course of his employment. (*Id.* ¶¶ 28-29.) Plaintiff, moreover, alleges that any determination of coverage afforded to Van Pelt for bodily liability under the Policy is limited to a proportional amount in relation to any other applicable primary coverage; and that there is no bodily injury liability coverage available to Van Pelt under the Policy for the accident based on the clear and unambiguous terms of the Policy. (*Id.* ¶¶ 30-31.) Plaintiff alleges that it accordingly has no duty to defend Van Pelt in the New Jersey State Action, and that the Court should enter Default Judgment against Defendants. (*Id.* ¶ 32; Pl.'s Mot. at 1-2.)

### A. Jurisdiction

As an initial matter, "'when entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006) (citing *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)).

Here, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a citizen of Illinois, Defendants are citizens of New Jersey, and the amount in controversy exceeds $75,000. (Compl. ¶¶ 2, 4.) The Court also has personal jurisdiction over Defendants because they are domiciled in New Jersey and were in New Jersey when they were served. (Pl.'s Mot. at 1; Summons Returned Executed, Debra V. Van Pelt, ECF No. 5; Summons Returned Executed, Kim R. Van Pelt, ECF No. 6); *J & J Sports Prods., Inc. v. Tribiri-Tabara, LLC*, No. 18-13867, 2019 WL 2754955, at *1 (D.N.J. July 2, 2019) ("The court exercises personal jurisdiction over . . . [d]efendants because they were physically located in the state of New Jersey at the time they were served and are domiciled in the state of New Jersey." (citing Fed. R. Civ. P. 4)).

### B. Declaratory Judgment Act

Plaintiff commenced this civil action seeking a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, which provides in pertinent part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). District courts have broad discretion for abstention when entertaining claims for declaratory judgment. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 286 (1995).

District courts follow a two-step process in assessing whether to exercise jurisdiction over declaratory actions. *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 146, 146 n.21 (3d Cir. 2014); *Safe Auto Ins. Cos. v. Summy*, 234 F.3d 131, 135 (3d Cir. 2000). First, courts must determine whether a parallel state proceeding exists, and second, courts should weigh the *Reifer*[5] and where applicable the *Summy* factors. *See Reifer*, 751 F.3d at 144-46; *Summy*, 234 F.3d at 135; *Westfield Ins. Co. v. Arnold*, No. 23-784, 2023 WL 4977765, at *2-3 (M.D. Pa. Aug. 3, 2023).

As such, this Court will begin its analysis by determining whether a parallel state proceeding exists before turning to the *Reifer* and *Summy* factors.

### 1. The Existence of a Parallel Proceeding

First, the Court must determine whether parallel state proceedings exist in this case. *See Westfield Ins. Co.*, 2023 WL 4977765, at *2. For proceedings to be parallel, "there must be a substantial similarity in issues and parties between contemporaneously pending proceedings." *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 284 (3d Cir. 2017); *see also Shea v. Nationwide*

---

[5] The non-exclusive *Reifer* factors are:
> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in settlement of the uncertainty of obligation; (4) the availability and relative convenience of other remedies; (5) a general policy of restraint when the same issues are pending in a state court; (6) avoidance of duplicative litigation; (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*; and (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Reifer*, 751 F.3d at 146.

*Prop. & Cas. Ins. Co.*, No. 22-494, 2023 WL 3412248, at *7 (M.D. Pa. Mar. 1, 2023), *report and recommendation adopted*, No. 22-494, 2023 WL 2810836 (M.D. Pa. Apr. 6, 2023) ("The Supreme Court has defined a parallel state proceeding in this context as '*another* proceeding . . . pending in a state court in which all the matters in controversy between the parties could be fully adjudicated.'" (emphasis in original) (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942))); *Westfield Ins. Co.*, 2023 WL 4977765, at *2 (noting that state court proceedings must be "truly duplicative" and "effectively the same" to be parallel). "Germane factors include the scope of the state court proceeding, the claims and defenses asserted, and whether necessary parties had been or could be joined." *Kelly*, 868 F.3d at 284. An underlying matter that has the mere potential to dispose of the same claims does not necessarily mean the matters are substantially similar. *Id.* at 283, 287 (holding that an underlying state tort proceeding in which an insurance company was not a party was not parallel to a declaratory judgment action undertaken by the insurance company to disclaim coverage).

Here, the Court finds that a parallel proceeding does not exist. *See id.* (same). The New Jersey State Action implicates Plaintiff's interests, but Plaintiff is not a party to that matter. (*See* Ex. E to Compl.) The underlying New Jersey State Action, and the present declaratory action are accordingly not parallel proceedings. *McDonald v. Liberty Mut.*, No. 19-8808, 2019 WL 13398942, at *5 (D.N.J. July 2, 2019) ("The scope of coverage at issue in this [d]eclaratory [j]udgment [a]ction is separate from [p]laintiff's personal injury action and the determination of liability and damages. Further, [the insurance companies] are not named defendants in the state tort action."); *see also Kelly*, 868 F.3d at 287 (finding that the state tort action and the federal declaratory judgment action were not parallel because "[t]he issue of coverage [was] not necessary to the resolution of the state action").

### 2.   *The Reifer Factors*

The Court must next consider whether "the lack of pending parallel state proceedings is outweighed by opposing factors." *Reifer*, 751 F.3d at 144. Other factors must outweigh a lack of a parallel proceeding because the Third Circuit places "increased emphasis" on the lack of pending parallel state proceedings relative to other factors in the jurisdictional test. *Id.* The Court will accordingly address the *Reifer* factors.

The first factor, the likelihood that a federal court hearing a declaratory action would resolve uncertainty, weighs in favor of exercising jurisdiction. *See id.* at 146. Here, Plaintiff seeks a declaration that would make clear that it owes no obligation to Van Pelt under the Policy. (*See* Compl. ¶¶ 28-32.) Such a declaration by this Court will resolve the uncertainty of Plaintiff's obligations under the Policy and definitively resolve this case. The Court finds that exercising jurisdiction "will resolve the uncertainty of obligation which gave rise to the controversy." *Reifer*, 751 F.3d at 146. This factor thus favors exercising jurisdiction. *See Bhd. Mut. Ins. Co. v. First Presbyterian Church*, No. 23-678, 2023 WL 7329446, at *5 (E.D. Pa. Nov. 7, 2023) ("While a declaration by this court would not end all litigation flowing from the events of the schism, it would nevertheless 'bring about a complete termination of the parties' [insurance coverage] disputes without piecemeal litigation.'" (alteration in original) (quoting *DiAnoia's Eatery, LLC, v. Motorists Mut. Ins. Co.*, 10 F.4th 192, 206 (3d Cir. 2021))).

The second factor considers convenience to the parties. *Reifer*, 751 F.3d at 146. As Defendants are New Jersey residents (Compl. ¶ 4), the Court finds that "there is not a more convenient forum for either party based on the location of the tribunal." *See Mercado v. Snyder*, No. 21-1743, 2022 WL 1609073, at *6-7 (M.D. Pa. May 20, 2022) (finding that when there was no inconvenience to either party, the second factor was neutral); *see* also *Zurich Am. Ins. Co. v.*

*Gutowski*, 644 F. Supp. 3d 123, 137 (E.D. Pa. 2022) (finding that the second factor weighed in favor of exercising jurisdiction where "none of the parties [would] be inconvenienced by having [the] matter adjudicated in [the] federal forum" (quoting *Kelly*, 868 F.3d at 288)). The Court, accordingly, finds this factor to be neutral.

The third factor contemplates the public interest in settling the uncertainty at issue. *Reifer*, 751 F.3d at 146. Here, "the parties do not aver that any public interest is at stake other than the usual interest in the fair adjudication of legal disputes, an interest which the District Court is well-equipped to address," *Kelly*, 868 F.3d at 288, as is a state court. This factor is thus neutral. *See Landmark Am. Ins. Co. v. Mandracchia*, No. 18-4949, 2019 WL 3934913, at *3 (E.D. Pa. Aug. 19, 2019) (finding the third factor is neutral when there is no strong public interest in resolution of an insurance action in federal court over state court); *see also Westfield Ins. Co.*, 2023 WL 4977765, at *4 (holding that "settling the uncertainty of" insurance obligations do not weigh against or in favor of federal court resolution).

The fourth factor asks whether an alternative remedy is available and relatively convenient. *Reifer*, 751 F.3d at 146. Here, an alternative remedy exists (litigating this matter in state court), but doing so would be, at least, arguably inconvenient because the parties would need to start new litigation. *See Westfield Ins. Co.*, 2023 WL 4977765, at *4 (noting that it would be arguably inconvenient for parties to an insurance obligation action to litigate in state court when a federal action has already begun). If the Court declined to exercise jurisdiction here it would force the parties to litigate this dispute in state court. *See Nationwide Prop. & Cas. Ins. Co. v. Zatyko*, No. 16-1010, 2016 WL 6804436, at *4 (E.D. Pa. Nov. 16, 2016) ("Though the parties to this litigation could seek the same declaratory relief in state court, to do so now, . . . would require the commencement of a new action in state court . . . [rendering it] arguably more convenient for the

parties to litigate their insurance coverage dispute in this federal forum[.]"). This factor thus weighs in favor of exercising jurisdiction. *See Westfield Ins. Co.*, 2023 WL 4977765, at *4 (noting that the lack of a more convenient available alternative remedy weighs in favor of a district court exercising its jurisdiction).

The fifth factor encourages restraint when the same issues are pending in state court, between the same parties. *See Reifer*, 751 F.3d at 146; *DiAnoia's Eatery, LLC*, 10 F.4th at 206 ("The fifth factor's 'policy of restraint' is applicable only when the 'same issues' are pending in state court between the same parties, not when the 'same issues' are merely the same legal questions pending in any state proceeding." (quoting *Kelly*, 868 F.3d at 289)). The Court finds that there is no need to employ a general policy of restraint here. *See Reifer*, 751 F.3d at 146. This factor weighs in favor of exercising jurisdiction. *See Zurich Am. Ins. Co*, 644 F. Supp. 3d at 137 (holding that when the insurer is not a party to an underlying action, the fifth *Reifer* factor favors exercising jurisdiction because "the issue of [an insurer's] obligations [to the insured] under [an insurance policy] is not pending in a state court [and]. . . the insurance coverage dispute could not be fully resolved unless [the insurer] was a party to that action.").

The sixth factor requires courts to contemplate avoiding duplicative litigation. *Reifer*, 751 F.3d at 146. Here, there is no risk of "duplicative litigation" because the matter before the Court is the only matter addressing this issue and these parties. *See id.* This factor, accordingly, weighs in favor of exercising jurisdiction. *See Zurich Am. Ins. Co.*, 644 F. Supp. at 137 (finding that the sixth *Reifer* factor favors exercising jurisdiction when the declaratory action in federal court and the underlying state action are distinct, and the parties have already begun litigation in federal court).

Turning to the seventh factor, the Court must strive to prevent "the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res*

*judicata.*" *Reifer*, 751 F.3d at 146. Here, there is nothing to suggest that Plaintiff was "driven by an improper motive," or engaged in "procedural fencing" or "a race for *res judicata.*" *See Kelly*, 868 F.3d at 289. District courts in the Third Circuit have held that when a state court underlying tort action and a federal court insurance obligation proceeding are not parallel, the seventh factor does not weigh against exercising jurisdiction. *See Bhd. Mut. Ins. Co.*, 2023 WL 7329446, at *6 ("[The plaintiff insurer] cannot use a decision by this [federal district] court as grounds for *res judicata* in another forum because the claims presented here are not pending in any other court."). Here, the seventh factor is thus neutral. *See Westfield Ins. Co.*, 2023 WL 4977765, at *5 (holding that the seventh factor "is inapplicable [w]here . . . there is no parallel proceeding between the parties").

In considering the eighth factor, the Court must contemplate the "inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion." *Reifer*, 751 F.3d at 146. This Court finds that the eighth *Reifer* factor is neutral here. Where there is no indication that the insurance company is or will be a party to the underlying tort proceeding, there is no indication that a conflict exists for that insurance company in pursuing a declaratory judgment. *See Kelly*, 868 F.3d at 289 ("[T]here is no indication that a conflict exists for [the insurer] related to any obligations it has to defend [against a third party] in [a t]ort [a]ction. [The insurer] is not a party to the [t]ort [a]ction; nor is there reason to believe it should or might be a party[.]").

All eight *Reifer* factors, accordingly, are either neutral or weigh in favor of exercising jurisdiction. Moreover, interpreting an insurance policy does not implicate unsettled or uncertain state law issues. *See Westfield Ins. Co.*, 2023 WL 4977765, at *5 (finding that *Summy*'s additional guidance did not weigh in favor of dismissing a declaratory action based upon unsettled state law

because a "[p]laintiff seek[ing] to clarify its obligations under an insurance policy [. . . ], which is a contract, does not require resolving novel state-law issues"). The Court thus exercises jurisdiction over this Declaratory Judgment action.

### C.     Clerk's Entry of Default

The Court must next evaluate whether the Clerk's Entry of Default against Defendants was appropriate. (*See* Entry of Default.) That analysis, however, is straightforward because an entry of default is appropriate when, like here, a party "has 'failed to plead or otherwise defend'" against a pleading. *Perez v. Railpower Hybrid Tech. Co.*, No. 13-134, 2013 WL 6048984, at *1 (W.D. Pa. Nov. 15, 2013) (quoting Fed. R. Civ. P. 55(a)). An additional requirement for proper entry of default is that the defendants were properly served. *Carroll v. Stettler*, No. 10-2262, 2012 WL 3279213, at *2 (E.D. Pa. Aug. 10, 2012) ("Proper entry of default requires that . . . the party be properly served[.]"); *see also Hodges v. Wash. Metro. Area Transit Auth.*, No. 14-891, 2014 WL 5797754, at *1 (D. Md. Nov. 5, 2014) (A Clerk's default "may only be entered after a defendant has been properly served.").

Here, Defendants were properly served. (*See* Summons Returned Executed, Debra V. Van Pelt; Summons Returned Executed, Kim R. Van Pelt.) Defendants, additionally, did not file a responsive pleading. The Court is therefore satisfied that the Clerk's Entry of Default was appropriate.

### D.     Cause of Action

Next, the Court must determine whether the unchallenged facts in Plaintiff's complaint establish a "legitimate cause of action." *Chanel, Inc.*, 558 F. Supp. 2d at 536. The issue in the present action is whether Plaintiff has an obligation to defend or indemnify Defendants in the New Jersey State Action. (*See* Compl. ¶¶ 28-32.) That analysis is simple here because "[i]t is settled

that a controversy between an insurer and its insured as the extent of the insurer's responsibility under the insurance policy involves the rights of the insurer and will support a declaratory judgment proceeding." *Virginia Sur. Co. v. Macedo*, No. 08-5586, 2009 WL 3230909, at *12 (D.N.J. Sept. 30, 2009) (quoting *Maryland Cas. Co. v. Consumers Fin. Serv. of Pennsylvania*, 101 F.2d 514, 515 (3d Cir. 1938)).

Under New Jersey law, a court interpreting an insurance policy must "'giv[e] effect to all of its parts so as to accord a reasonable meaning to its terms.'" *Canal Ins. Co. v. Fema Trucking, LLC*, No. 20-17953, 2022 WL 3227188, at *5 (D.N.J. Aug. 10, 2022) (alteration in original) (quoting *Assurance Co. of Am. v. Jay-Mar, Inc.*, 38 F. Supp. 2d 349, 352 (D.N.J. 1999)). Where the insurance policy contains exclusions to coverage, as here, the exclusions are considered "'presumptively valid and will be given effect if specific, plain, clear, prominent, and not contrary to public policy.'" *Id.* (quoting *Colliers Lanard & Axilbund v. Lloyds of London*, 458 F.3d 231, 236 (3d Cir. 2006)).

Here, the Policy provides an unambiguous exclusion for coverage. The Policy excludes coverage for non-named insureds, and non-resident relatives of the named insureds. Van Pelt was not one the named insureds on the Policy. (Ex. A to Compl. (listing Debra Van Pelt and Kim Van Pelt as the "named insured"); *see also* Ex. B to Compl. at 6-8 ("***Insured*** means . . . ***you*** and ***resident relatives***" (emphases in original)).) Plaintiff, accordingly, has stated a viable claim for declaratory judgment and has supplied a sufficient factual basis, taken as true in the context of this motion, to permit entry of judgment in its favor on the issue of coverage.

E.  **Default Judgment**

Lastly, the Court must determine whether it should enter default judgment. In doing so, it considers the following *Emcasco* factors to determine whether to grant a default judgment under

Rule 55(b): "(1) prejudice to the plaintiff if default is denied[;] (2) whether the defendant appears to have a litigable defense[;] and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 51 (3d Cir. 2003). The Court examines each factor in turn.

Regarding the *first* factor, "[w]hen a defendant fails to respond to a plaintiff's claims, the plaintiff will be prejudiced absent a default judgment because [the] plaintiff will be left with no other means to vindicate his . . . claims." *United States v. Vo*, No. 15-6327, 2016 WL 475313, at *3 (D.N.J. Feb. 8, 2016) (citation omitted); *see also Slaughter v. Moya*, No. 17-6767, 2018 WL 3742622, at *3 (D.N.J. Aug. 7, 2018) ("[B]ecause [d]efendant has failed to appear, [p]laintiffs suffer prejudice if they do not receive a default judgment because they have no other means of vindicating their claim."). Moreover, it is clear that Van Pelt was not covered under the Policy because he was not a named insured or resident relative. (*See, e.g.*, Compl. ¶¶ 8-13, 17-21.)

*Second*, the Court examines whether Defendants have a litigable defense. Defendants' failure to respond to Plaintiff's Complaint permits the Court to infer that Defendants do not have a litigable defense. *See, e.g., Chef's Warehouse Mid-Atlantic, LLC v. Bayou Boys LLC*, No. 25-721, 2025 WL 2535617, at *3 (E.D. Pa. Sept. 3, 2025) ("[I]t is well established that when a party does not answer or otherwise respond to the complaint, the Court may presume that it has 'no meritorious defense.'" (quoting *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 271 (E.D. Pa. 2014))); *Malibu Media, LLC v. Ramiscal*, No. 14-7517, 2016 WL 8698533, at *4 (D.N.J. Feb. 19, 2016) ("[T]he Court may presume that a defendant who has failed to plead, defend, or appear has no meritorious defense."). The Court thus presumes that Van Pelt was not covered under the Policy and that Defendants do not have a meritorious defense to argue that he was. (*See e.g.*, Ex. B to Compl. at 6-8, Ex. A to Compl.)

*Third*, the Court determines whether Defendants delay is due to culpable conduct. In the context of a default judgment, "culpable conduct means actions taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983) (citing *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)). Defendants' failure to respond, "permits the Court to draw an inference of culpability on their part." *JUUL Labs, Inc. v. Zoey Trading LLC*, No. 21-19299, 2022 WL 970412, at *6 (D.N.J. Mar. 31, 2022). The third *Emcasco* factor, accordingly, weighs in favor of Plaintiff. Here, Defendants did not respond, so the Court draws an inference of culpability on their part. *See id.*

Balancing the three *Emcasco* factors and weighing all considerations, the Court finds that default judgment in favor of Plaintiff against Defendants is appropriate. *See Joe Hand Promotions, Inc. v. Waldon*, No. 11-849, 2013 WL 1007398, at *4 (finding that factors weigh in favor of default judgment where there was no indication of a cognizable defense to plaintiff's claims, plaintiff had no alternative means of vindicating its claim, and defendants failed entirely to respond).

## IV.   CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Default Judgment is granted, and the Court hereby declares that Plaintiff has no duty under Auto Policy 072-2033-D07-30H, to defend or indemnify Debra V. Van Pelt, Kim R. Van Pelt, or Michael Van Pelt, for any claims brought against them in the Superior Court of New Jersey (*Hijazi v. Van-Pelt, et al.*, Docket No.

MID-L-5900-22), or in any future action arising out of the August 8, 2022, accident. The Court will issue an Order consistent with this Memorandum Opinion.

Dated: ~~September~~ October 14th, 2025

                                                **MICHAEL A. SHIPP**
                                                **UNITED STATES DISTRICT JUDGE**